UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

BRIANNA STEWART

    Plaintiff,

v.

LTD FINANCIAL SERVICES, L.P., a Colorado Limited Partnership

    Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. The Court has supplemental jurisdiction to hear the Plaintiff's state law claims pursuant to 28 U.S.C. §1367 as said claims arise from the same transactions and occurrences.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act (TCPA) of 1991, 47 U.S.C.§227 et seq.

### VENUE

4. Venue is proper in this District.

5. The acts and transactions occurred in this District.

6. The Plaintiff resides in this District.

7. The Defendant transacts business in this Judicial District.

## PARTIES

8. Plaintiff Brianna Stewart is a natural person who resides in the Town of Milliken, County of Weld, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant LTD Financial Services, L.P., (hereinafter "Defendant") is a Colorado limited partnership operating from an address of 7322 Southwest Freeway, Suite 1200, Houston, Texas 77074 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is registered as a debt collector with the Colorado Attorney General's office, license number 101558.

## FACTUAL ALLEGATIONS

### FDCPA

11. The Defendant has initiated an aggressive telephone calling campaign targeted at the Plaintiff in an attempt to collect an alleged debt owed by the Plaintiff.

12. The alleged debt stems from a Citibank, N.A. account that was issued by Home Depot.

13. The Plaintiff disputes the debt and believes it to be invalid.

14. The Defendant began contacting the Plaintiff on her cellular telephone approximately October 1, 2011.

15. The Defendant uses an autodialer to contact the Plaintiff.

16. When the telephone of the Plaintiff rings, the caller ID displays the number of 1-713-414-2121.

17. The telephone number 713-414-2121 is the number of the Defendant.

18. The Defendant has contacted the Plaintiff numerous times.

19. The Plaintiff has repeatedly advised the Defendant that she cannot and will not pay the debt.

20. Despite this notice to the Defendant, the Defendant continued with its telephone contact, using an autodialer, with the defendant demanding that she pay them.

21. Despite this notice, the Defendant persists in their effort to collect this debt.

22. The Plaintiff has no business relationship with the Defendant and does not owe any money to the Defendant.

23. The Plaintiff considers these ongoing calls to be annoying, harassing and each call costs the Plaintiff money as he is charged for airtime by her cellular telephone carrier.

24. The Defendant has ignored the demand to stop contacting the Plaintiff.

25. The contact by the Plaintiff is nothing short of harassment, in violation of 15 U.S.C. §1692d.

26. In addition to harassing the Plaintiff, the Defendant also contacted the Plaintiff's mother and father demanding that they notify the Plaintiff that she needed to contact the Defendant.

27. The Defendant informed the Plaintiff's mother and father that they were a debt collector and that they were looking for the Plaintiff to collect a debt.

28. The Defendant told the Plaintiff's mother and father that they should consider helping their daughter and pay the debt on her behalf.

29. Contact by the Defendant with the Plaintiff's mother and father violates the FDCPA, see 15 U.S.C. §1692c(b).

30. The Defendant's conduct is unconscionable and violates the prohibitions of 15 U.S.C. §1692f.

## TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA) 47 U.S.C. §227

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

33. The Defendant, using an autodialer, has contacted the Plaintiff on her cellular telephone numerous times, the actual number will be revealed during discovery, concerning the alleged debt of another.

34. At no time has the Plaintiff given express consent to the Defendant to contact her via her cellular telephone.

35. On numerous occasions the Plaintiff has indeed notified the Defendant to stop contacting her.

*Respondeat Superior Liability*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

38. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

39. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

40. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

43. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.

VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C.§227 et seq.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA.

46. The Plaintiff is entitled to statutory damages of $500.00 per violation of the TCPA.

47. If the Plaintiff, in the course of discovery or at trial, can establish that the Defendant knowingly and/or willfully violated the TCPA, the Plaintiff is entitled to $1,500.00 per violation of the TCPA.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;
2. For statutory damages;

3. For punitive damages;

4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED:

s/Troy D. Krenning
Gookin, Krenning and Associates, LLC
770 N. Lincoln Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: troy@gkalaw.com

s/Jill Gookin
Gookin, Krenning and Associates, LLC
770 N. Lincoln Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: jill@gkalaw.com